**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Case No. 13-20061

BYRON PRESTON,

    Defendant.
                                                     /

**AMENDED FINDINGS AND VERDICT**[1]

Defendant Byron Preston has knowingly and intelligently waived his right to a jury trial and submitted his case to the court for non-jury determination.

All exhibits and prior testimony are entered into evidence and considered by the court. No credibility issues have been raised to the court's attention, and Defendant waived his right to testify or present evidence in addition or contrary to that submitted by the Government.

**THE COURT FINDS:**

On New Year's Eve, December 31, 2012, at about 9:30 p.m., Detroit Police Officers Jackson and Harnphanich and Sergeant Duncan saw Defendant Preston walking through an alley in a high-crime area approaching the parking lot of a liquor store. As Defendant turned in the direction of the store's front door, toward which the semi-marked police car was proceeding, he appeared to see the car and, in response,

---

[1] This order amends the "Findings and Verdict" order, (Dkt. # 33), to reflect that Defendant was arrested for illegally possessing a firearm on December 31, 2012, instead of December 31, 2011.

to alter his path so as to avoid proceeding further in their direction.  The Officers preliminarily thought at that time that Defendant might have been "casing" or examining the situation inside the store for a possible robbery.

Continuing to walk through the alley, Defendant passed out of sight behind a white dumpster structure and lingered there a moment longer than seemed right.  At least one of the Officers thought that Defendant's brief hesitation may have been attributable to hiding something near the enclosure.

The police car was driven further into the parking lot as Defendant reappeared from behind the dumpster enclosure near the alley and walked into the lot in the direction of the car and toward the front door of the liquor store.  Officer Jackson, from the front passenger seat, lowered his window and spoke to Defendant saying "What's up?" or "Where are you heading?" in a conversational tone of voice.

Defendant, in response, approached the police car.  He was wearing a hooded sweatshirt with his hands inside of his pockets.  Officer Jackson became concerned that Defendant might be armed and, for his own safety, asked something like "Are you armed?" or "Do you have a gun?"  He also asked to see Defendant's hands.  Defendant responded, "Yes, it's in my coat."  A loaded .25 caliber semi-automatic firearm was taken from Defendant's possession.

Defendant, as of December 31, 2012, had suffered at least one earlier felony conviction, *i.e.*, a conviction that rendered him subject to more than one year of incarceration.  His right to lawfully possess a firearm had not been restored, nor had the earlier conviction been expunged.

The .25 caliber firearm in Defendant's possession had been manufactured outside the state of Michigan and, therefore, had traveled in or affected interstate commerce.

Defendant knowingly possessed the firearm because he intentionally had it on his person, while awake and alert, as evidenced by his written confession in which he stated that he was carrying the firearm for his protection.

Accordingly, IT IS ORDERED that Defendant is GUILTY, beyond a reasonable doubt, of the charge contained in Count I of the Indictment, Felon in Possession of a Firearm, 18 U.S.C. § 922(g).

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522